UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: **09-CV-81092-Cohn-Seltzer**

L.M.,

      Plaintiff,

vs.

JEFFREY EPSTEIN,

      Defendant.

_____/

FILED by  *VT*   D.C.
ELECTRONIC

**July 24, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## MOTION TO PROCEED ANONYMOUSLY

Plaintiff, L.M., hereby moves this Court to enter an Order granting Plaintiff permission to proceed in this action under the pseudonym "L.M." and as grounds would state as follows:

1.    L.M. is currently a 20-year-old female.

2.    As outlined in detail in the Complaint, the Plaintiff, L.M., was sexually abused by the Defendant, Jeffrey Epstein, when she was very young, between the ages of 14 and 17 years old.

3.    The abuse caused much embarrassment, humiliation, and psychological trauma for the Plaintiff, L.M..

4.    This embarrassment, humiliation and psychological trauma would be greatly exacerbated if her name was revealed publicly as the subject of the alleged abuse.

5.    The subject matter of the Complaint clearly contains highly sensitive and intimate information about the Plaintiff, L.M..

6.    Plaintiff, L.M., was an identified victim by the FBI and U.S. Attorney's office in a criminal investigation against the Defendant, Jeffrey Epstein.

7.    During the criminal investigation, and up and through this point in time, Plaintiff, L.M.'s identity has been sealed, as all parties recognize the highly sensitive subject matter of the charges and the need to protect the privacy interest of the Plaintiff, L.M.'s true identity.

8.    The Defendant, Jeffrey Epstein, has been provided in the past with the true identity of Plaintiff, L.M..

9.    In this civil action, the Defendant, Jeffrey Epstein, will be provided with Plaintiff, L.M.'s true identity; therefore, he will know the identity of Plaintiff, L.M., and will not be prejudiced by the non-disclosure of L.M.'s true identity in pleadings.

10.    There is a great need, in this case, to protect intimate information about Plaintiff, L.M., and to protect her privacy interest.

## MEMORANDUM OF LAW

Despite the general presumption against anonymous or pseudonymous pleadings, it is common for this presumption to be overcome in certain types of cases, and courts have discretion to permit such pleading in appropriate circumstances. See *Doe v. Del Rio*, 241 F.R.D. 154, 157 (S.D.N.Y. 2006) (citing *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)). The courts typically grant such requests for pseudonymity in matters of a sensitive and highly personal nature. *Id* at 157 (citing *Heather K. v. City of Mallard*, 887 F.Supp.1249, 1255 (N.D.Iowa 1995)). In deciding whether to permit pseudonymous pleadings, courts must balance "the Plaintiff's right to privacy and security against the public's interest in identification of the litigants and the harm to the defendant stemming from suppression of Plaintiff's name." *Doe v. Smith*, 105 F.Supp.2d 40, 44 (E.D.N.Y. 1999). The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy

2

right which outweighs the customary presumption of openness in judicial proceedings. *Free Speech v. Reno*, 1999 WL 47310, at 2 (S.D.N.Y. Feb. 1, 1999). In undertaking this balance, courts typically consider such factors as whether the plaintiff would be compelled to disclose intimate information, whether the plaintiff would be compelled to admit her intention to engage in illegal conduct, whether the plaintiff would risk injury if identified, whether the party defending the suit would be prejudiced by the non-disclosure of the plaintiff's name, the age of the plaintiff whose identity is being suppressed, the extent to which the identity of the plaintiff has been kept confidential, as well as the interest the public has in knowing the names of the litigants. 241 FRD at 157.

The Supreme Court has implicitly recognized pseudonyms in abortion cases, with minimal discussion. *Roe v. Wade*, 410 U.S. 113, 120-121, 93 S.Ct. 705 (1973); *See also, E.E.O.C. v. ABM Industries, Inc.*, 249 F.R.D. 588 (E.D. Cal. 2008). Likewise, pseudonym filing is typically accepted by the courts in other cases where the nature of the pleading unveils highly sensitive information and detail about the plaintiff, such that the non-disclosure of the party's name is necessary to protect her from harassment, injury, ridicule, or personal embarrassment. *Does v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-1068 (9th Cir. 2000) (citing *United States v. Doe*, 655 F.2d 920; *E.E.O.C.*, 249 F.R.D. at 588).

In this case, it is clear from the allegations in the Complaint that the information is of a highly sensitive nature – i.e., allegations involving sexual abuse of a minor. Additionally, Jane Doe's name was kept anonymous in the Federal Court criminal case and all documents containing her name were redacted by the United States Government and Defendant, Jeffrey Epstein's attorney. The Defendant, Jeffrey Epstein, will not be prejudiced in any way by this pseudonym pleading, as he has been provided with her name in the past and will also be

3

privy to the sealed document containing Plaintiff, L.M.'s name.  While the public does have a right to the openness of judicial proceedings, the right to know the true identity of Plaintiff, L.M., is greatly outweighed by L.M.'s privacy interest in this case.  Of course, other than the identity of the then minor, all other aspects of the case will still be available to the public.

WHEREFORE, the Plaintiff, L.M., moves this Court to enter an Order granting this Motion, and thus allowing her to proceed in this litigation under the L.M. pseudonym.

DATED July 24, 2009

Respectfully Submitted,

Bradley J. Edwards
ROTHSTEIN ROSENFELDT ADLER
Las Olas City Centre
401 East Las Olas Blvd., Suite 1650
Fort Lauderdale, Florida 33301
Telephone (954) 522-3456
Facsimile (954) 527-8663
Florida Bar No.: 542075
E-mail: bedwards@rra-law.com